UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROD IRELAND,

    Plaintiff,

v.

RON MARSH and SOLANO COUNTY JAIL SHERIFF GARY STANTON,

    Defendants.

NO. CV-08-2628-RHW

**ORDER DISMISSING COMPLAINT WITH LEAVE TO RENEW**

Plaintiff Rod Ireland is proceeding pro se. He is an inmate at Solano County Jail, Fairfield, California.[1] On November 4, 2008, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging insufficiency of legal assistance.

### PRELIMINARY REVIEW

Pursuant to 28 U.S.C. § 1915(A), this court must conduct a preliminary review of the complaint to identify any cognizable claims, and to dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(A)(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

---

[1] On March 27, 2009, Plaintiff filed a notice that he was now housed at North Kern State Prison, Delano, California (Ct. Rec. 7).

**ORDER DISMISSING COMPLAINT WITH LEAVE TO RENEW** ~ 1

essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.

In his Complaint, Plaintiff alleges that the Solano County Jail has no law library for pro pers to research the law and has no paralegals with which to consult. He alleges that he has been denied access to the court because his written instruments have been rejected, denied, and dismissed.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Lewis v. Casey,* the Supreme Court noted that *Bounds* did not create an abstract, freestanding right to a law library or legal assistance. 518 U.S. 343, 351 (1996). Thus, an inmate cannot establish relevant actual injury by alleging that his prison's law library or legal assistance program is subpar in some theoretical sense. *Id.* Rather, to properly plead a violation of the right to access to the courts, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Id.* at 353-55. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.

In his complaint, Plaintiff refers to CV-08-2102-DAD and implies that his written instruments were denied and dismissed because the forms provided at the jail were incomplete or outdated. In that case, Plaintiff was provided forms to use from the Court. Plaintiff's Second Amended Complaint was dismissed–not because he used an incorrect or outdated form–rather, it was dismissed for failure

**ORDER DISMISSING COMPLAINT WITH LEAVE TO RENEW** ~ 2

1  to state a claim.[2]  Plaintiff has not alleged sufficient facts to support a claim that he
2  suffered actual injury.  Consequently, Plaintiff has not alleged sufficient facts to
3  state a claim for denial of access to the Courts.
4      District courts must afford pro se litigants the opportunity to amend to
5  correct any deficiency in their complaints.  *Lopez v. Smith*, 203 F.3d 1122, 1127
6  (9th Cir. 2000).  Accordingly, the Court grants plaintiff leave to file an amended
7  complaint within thirty (30) days of the date this order is filed, to address the
8  deficiencies set forth above. In the alternative, within thirty (30) days of the date
9  this order is filed, plaintiff may file a notice with the court stating that he intends
10 to proceed with the cognizable claims in the original complaint.  Because an
11 amended complaint completely replaces the original complaint, plaintiff must
12 include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d
13 1258, 1262 (9th Cir.1992).
14      Accordingly, **IT IS HEREBY ORDERED:**
15      1.   Plaintiff's claims against Rod Marsh and Gary Stanton are
16 **DISMISSED**, with leave to renew.
17      2.   Plaintiff shall file an amended complaint within thirty (30) days from
18 the date this order is filed.  In the alternative, within thirty (30) days from the date
19 this order is filed, Plaintiff may file a notice with the court stating that he intends
20 to proceed with the cognizable claims in the original complaint.  Failure to do so
21 could result in the dismissal of this action.
22      An amended complaint must include the caption and civil case number used
23 in this order (CV 08-2628-RHW ) and the words "AMENDED COMPLAINT" on
24 the first page. Because an amended complaint completely replaces the original
25 complaint, Plaintiff must include in it all the claims he wishes to present. *See*

---

27,28  [2]A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992).

**ORDER DISMISSING COMPLAINT WITH LEAVE TO RENEW** ~ 3

1  *Ferdik*, 963 F.2d at 1262.  Plaintiff may not incorporate material from the original
2  complaint, such as supporting documentation or exhibits, by reference. Plaintiff
3  must include all of his claims, including the cognizable claims set forth above, in
4  the amended complaint. Failure to file an amended complaint or file a notice with
5  the court in compliance with this order within the designated time will result in the
6  court proceeding with the cognizable claims in the original complaint as stated in
7  this order.

8  Plaintiff is advised that an amended complaint supersedes the original
9  complaint. "[A] plaintiff waives all causes of action alleged in the original
10 complaint which are not alleged in the amended complaint." *London v. Coopers*
11 *& Lybrand*, 644 F.2d 811, 814 (9th Cir.1981). Defendants not named in an
12 amended complaint are no longer defendants.  *See Ferdik*, 963 F.2d at 1262.

13 **IT IS SO ORDERED.**  The District Court Executive is directed to enter
14 this Order and forward copies to Plaintiff.

15 **DATED** this 17th  day of May, 2010.

17      *s/Robert H. Whaley*
18      ROBERT H. WHALEY
        United States District Judge

23 C:\WINDOWS\Temp\notes101AA1\review.wpd

**ORDER DISMISSING COMPLAINT WITH LEAVE TO RENEW** ~ 4